IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| APOLLYON A. KENNEDY | ) | CASE NO.  1:10CV2548 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| BOB REID, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Apollyon A. Kennedy, an inmate awaiting trial at the Cuyahoga County,

Ohio Jail, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Sheriff Bob

Reid, and jail officials Kevin McDonough, Barnard Smith and Kenneth Kochevar. He alleges that,

since the jail does not have a library, he has been denied due process of law because he does not

have access to the courts. He seeks damages in the amount of $4,000,000.00: $2,000.000.00 to be

used for a library at the Cuyahoga County Jail and $2,000,000.00 for himself.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989);

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

(6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Although  prisoners have a constitutional right of access to the courts, *Bounds v. Smith,* 430

U.S. 817, 821 (1977), *overruled in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 354

(1966), they have no protected right of access to a prison law library. *Lewis,* 518 U.S. at 350-51;

*Evans v. Willis*, 2009 WL 2044721, 2 (S.D.Ohio, Jul. 7, 2009). In the absence of a prison library, a pretrial detainee's right to access to the courts is fully protected by the appointment of counsel in the criminal case. *Martucci, v. Johnson,* 944 F.2d 291, 295 (6th Cir.1991) (no constitutional violation where jail provided legal material upon request and inmate was represented by appointed counsel during his criminal case since the constitution only requires an adequate law library or appointed counsel); *United States v. Manthey*, 92 Fed. Appx. 291, 297 (6th Cir.2004) (as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts); *Mays v. Cuyahoga County*, 2007 WL 2177892 * 2 (N.D.Ohio, Jul. 27, 2007) (lack of a library does not deny accused due process).

The Cuyahoga County Common Pleas Court Docket shows that on November 9, 2010, Plaintiff, indicted for Domestic Violence, R.C. 2919.25A, and represented by an attorney, was found to be incompetent and was sent for treatment to the Northcoast Behavioral Healthcare System. *State of Ohio v. Kennedy*, Case No. CR-10-541861. Since Plaintiff, a pretrial detainee, was represented by counsel, he was not denied access to the courts.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date:   December 3, 2010                                **S/Christopher A. Boyko**
                                                        JUDGE   CHRISTOPHER   A.   BOYKO
                                                        UNITED STATES DISTRICT JUDGE

2